UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MINERVA ALMAZAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | 04 C 3714 |
|  | ) |  |
| PEPPERIDGE FARMS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the Court on Defendant's, Pepperidge Farms, request for a Bill of Costs to account for deposition transcript and document reproduction costs associated with its case. For the reasons set forth below, we award costs in the amount of $1,785.82.

## BACKGROUND

On May 28, 2004, Minerva Almazan ("Almazan") filed suit against Pepperidge Farms alleging racial discrimination, hostile work environment, and retaliation in violation of Title VII and Section 1981. On November 4, 2005, we granted Pepperidge Farms' motion for summary judgment on all claims. Subsequently, Pepperidge Farms filed the instant Bill of Costs seeking recovery of $3,169.50.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(1) allows a court to tax costs other than attorneys' fees in favor of a prevailing party. Pursuant to 28 U.S.C. § 1920, recoverable costs include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. A prevailing party enjoys the presumption that costs will be awarded. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409-10 (7th Cir. 1991). This presumption is difficult for the losing party to overcome, and a court must award costs unless it can state good reasons for not doing so. Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 945 (7th Cir. 1997). Accordingly, we examine each of the costs Pepperidge Farms claims to determine whether they are allowable and reasonable in their amount and their necessity to the litigation. Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 454 (7th Cir. 1998).

## DISCUSSION

Pepperidge Farms' Bill of Costs is comprised of two expense categories provided for under § 1920: 1) deposition transcript fees and 2) copy fees for papers necessary to the litigation. Those costs not disputed by the parties are awarded; however, the disputed costs require our inquiry and judgment.

## 1. Deposition Costs

Pepperidge Farms seeks $2,498.50 in total deposition transcript costs. Almazan disputes $2,278.00 of the alleged deposition costs regarding: 1) Almazan's original deposition transcript; 2) the deposition transcript copies of Amber Bloomquist, Fern Downing, Kathy Forejt, and Paul Caton ("Almazan's Deponents"); and 3) Pepperidge Farms' asserted handling costs. The Judicial Conference provides maximum rates of $3.30 per page for original deposition transcripts and $0.83 per page for transcript copies.

Almazan's original deposition transcript totals 241 pages and the transcript copies of Almazan's deponents total 574 pages. Pepperidge Farms attempts to charge $3.50 per page for Almazan's original deposition transcript and $2.50 per page for the transcript copies of Almazan's deponents. It is evident that the asserted fees are excessive in light of the applicable rates provided by the Judicial Conference and that the awarded amount should be readjusted accordingly. The requested $20.00 handling costs may not be awarded because "costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable." Harkins v. Riverboat Services, Inc., 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003). In light of these appropriate adjustments, Pepperidge Farms is entitled to total deposition costs of $1,271.72.

## 2. Document Reproduction Costs

The parties also dispute the $671.00 Pepperidge Farms requests for documents copied and produced: 1) at Almazan's request and 2) to compile Pepperidge Farms' pleadings.

First, Pepperidge Farms claims $392.40 in costs for producing 981 documents at Almazan's insistence, at a rate of $0.20 per page. In producing said documents, Pepperidge Farms tendered one copy to Almazan and retained a copy for itself. Therefore, it asserts it should be reimbursed for a total of 1,962 pages. However, because Pepperidge Farms already had these documents at its disposal, the copies they retained were unnecessary to the litigation and, consequently, may not be recovered. Almazan has also provided a $110.20 check she contends was tendered to Pepperidge Farms to account for a portion of the amount owed for the documents she requested. Pepperidge Farms does not deny the allegation. Consequently, the amount requested by Pepperidge Farms is reduced and we accordingly award $64.40 in copy/production costs.

Finally, Pepperidge Farms requests costs in the amount of $229.20 for 1,146 pages of pleadings filed throughout the course of the litigation at a copy rate of $0.20 per page. It alleges that the pleadings, including the exhibits, totaled 382 pages of written material, that both an original and a copy were filed with the court, and another

copy was served on Almazan. In contrast, Almazan contends that Pepperidge Farms has failed to adequately specify what the documents consist of and, therefore, we cannot determine whether they were necessary. After reviewing the pleadings, it is evident that the total number of pages that make up the pleadings are numerous and we have no reason to assume that the asserted total is incorrect. Further, because Pepperidge Farms was the prevailing party in the case we have no reason to believe the filed documents were unnecessary. Consequently, we award the $229.20 requested.

## CONCLUSION

Based on the foregoing analysis, we conclude that the amount of costs that can be deemed reasonable and necessary in this case totals $1,785.82, and we accordingly award Pepperidge Farms that figure.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 27 2005